IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEVIN MATTHEWS     PLAINTIFF

V.     CIVIL ACTION NO. 4:24-CV-49-SA-JMV

LEFLORE COUNTY, MISSISSIPPI, et al.     DEFENDANTS

ORDER AND MEMORANDUM OPINION

On May 15, 2024, Kevin Matthews initiated this litigation by filing his Complaint [1] against Leflore County, Mississippi; the Leflore County Board of Supervisors; Chancery Clerk and County Administrator Johnny Gary; Board Member Robert Collins; Board Member Eric Mitchell; and Board Member Reginald Moore. The Defendants filed a Joint Motion for Judgment on the Pleadings [19], which is now ripe for review. Having considered the parties' filings and the applicable authorities, the Court is prepared to rule.

*Factual and Procedural Background*

This lawsuit concerns the termination of Matthews' employment with Leflore County.

In April 2014, Matthews began his employment as a maintenance employee with Leflore County. At the time of his termination on August 31, 2023, he was a central maintenance technician.

In addition to naming Leflore County and the Leflore County Board of Supervisors as Defendants in the case, Matthews also sued Johnny Gary, who was at all pertinent times the Leflore County Chancery Clerk and County Administrator. He also named three of the five Leflore County Board members—Robert Collins, Eric Mitchell, and Reginald Moore—as Defendants.[1]

---

[1] Matthews asserts individual and official capacity claims against Gary, Collins, Mitchell, and Moore.

As Matthews phrased it in his Complaint [1], "[i]n the year of [his] termination, [he] was [] very vocal regarding the performance of Leflore County and its Board of Supervisors." [1] at p. 3. He contends that he made public statements and social media posts regarding the performance of Board Members Collins, Mitchell, and Moore. In the spring and summer of 2023, Matthews endorsed political opponents of Gary, Collins, Mitchell, and Moore.

On August 30, 2023, Matthews, while on his lunch break, went to the Leflore County Circuit Clerk's office to obtain several voter's registration cards. After allegedly being met with hostility from Circuit Clerk Elmus Stockstill, Matthews contends that he "became increasingly frustrated" and began to leave when Stockstill began to follow him and push him out of the door. [1] at p. 5. A verbal altercation followed.

The following day, Matthews received notification from Gary that his employment had been terminated. The letter from Gary specifically advised Matthews that he was being terminated for causing a disturbance in the Circuit Clerk's office: "[o]n August 30, 2023 at approximately 10:34 AM, you walked into the Circuit Clerk's office/courthouse whereas a disturbance was created causing security/on duty deputies to intervene and restore peace while escorting you out of the building." [27], Ex. 10 at p. 1. Gary advised Matthews that this conduct violated the County handbook and warranted termination.

Matthews contends that this stated reason is a pretext for retaliation and that he was actually terminated for engaging in protected speech about the County and the Board. He asserts a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. Through the present Motion [19], the Defendants raise multiple bases for dismissal and aver that the lawsuit should be dismissed altogether.

*Standard*

"In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to 'the contents of the pleadings, including attachments thereto.'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (quoting *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

"The 'pleadings' include the complaint, answer to the complaint, and 'if the court orders one, a reply to an answer.'" *Bosarge*, 796 F.3d at 440 (quoting FED. R. CIV. P. 7(a)). Documents attached to a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) are also considered part of the pleadings "if they are referred to in the plaintiff's complaint and central to [his] claim." *Id*. (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

In addition to the pleadings and their attachments, on a motion under Rule 12(c), the Court may consider matters of public record and any matters of which it may take judicial notice. *D.M. v. Forrest Cnty. Sheriff's Dep't*, 2020 WL 4873486, at *2 (S.D. Miss. Aug. 19, 2020) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

*Analysis and Discussion*

The Court will address two preliminary issues before turning to the underlying First Amendment retaliation claim.

3

> I. *Preliminary Issues*

First, the Defendants seek dismissal of the Leflore County Board of Supervisors. They contend that the Board lacks the capacity to be sued.

The capacity of a board of supervisors to be sued is an issue of state law. *See* FED. R. CIV. P. 17(b)(3). "Mississippi law is clear that a 'board of supervisors' has no legal existence, or capacity to be sued, separate from the County." *Montgomery v. Lowndes Cnty., Miss.*, 2025 WL 1559604, at *2 (N.D. Miss. June 2, 2025) (quoting *Cooley v. Forrest Cnty. Sheriff's Dep't*, 2020 WL 5118054, at *3 (S.D. Miss. Aug. 31, 2020); *Hearn v. Bd. of Supervisors of Hinds Cnty.*, 575 F. App'x 239, 243 (5th Cir. 2014)). This lack of capacity "applies to any federal claims as well." *Id*. (citations omitted).

The Board lacks the capacity to be sued separately from the County and is therefore DISMISSED as a party to this lawsuit.

Next, the Defendants request dismissal of Matthews' official capacity claims against Gary, Collins, Mitchell, and Moore. An official capacity claim is "only another way of pleading an action against an entity of which an officer is an agent." *Roland v. Humphreys Cnty., Miss.*, 2022 WL 141855, at *4 (N.D. Miss. Jan. 14, 2022) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). Official capacity claims are therefore treated as claims against the entity itself. *Id*. "As a general rule, § 1983 official capacity claims against an employee are duplicative with the claims against the relevant entity and, therefore, are properly dismissed." *Estate of Jones v. Grenada Cnty., Miss.*, 2021 WL 4268277, at *4 (N.D. Miss. Sept. 20, 2021) (citing *Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)).

4

Matthews' official capacity claims against Gary, Collins, Mitchell, and Moore are duplicative of his claims against Leflore County. The official capacity claims are therefore DISMISSED.

*II.     Merits*

Having dismissed the Board and the official capacity claims, only Matthews' claim against the County and his individual capacity claims against Gary, Collins, Mitchell, and Moore remain. As noted previously, Matthews' sole claim is a First Amendment retaliation claim which he brings pursuant to Section 1983.[2]

"Regarding Section 1983, the United States Supreme Court has held that the statute's 'very purpose . . . was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action *under color of state law*.'" *Alexander v. McAdams*, 2017 WL 5642328, at *3 (N.D. Miss. Apr. 18, 2017) (quoting *Mitchum v. Foster*, 407 U.S. 225, 242, 92 S. Ct. 2151, L. Ed. 2d 705 (1972)) (emphasis in original). In order to state a claim under Section 1983, a plaintiff must "(1) allege he has been deprived of a right secured by the United States Constitution or the laws of the United States; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law." *Weeks v. Thompson*, 2007 WL 316261, at *2 (N.D. Miss. Jan. 31, 2007) (citing *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005)).

There is no debate that different standards are applicable to a Section 1983 claim against a municipality and an individual capacity claim against a municipal employee. *See Weeks*, 2007 WL 316261 at *2 ("Municipal liability under section 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose 'moving force' is the policy or

---

[2] There is some dispute as to whether Matthews asserts a Title VII claim. That issue is addressed hereinafter.

custom."); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994) (holding that law enforcement officers are entitled to qualified immunity "unless it is shown that, at the time of the incident, [the officer] violated a clearly established constitutional right."). However, regardless of whether a plaintiff seeks to impose liability against a municipality or against an individual employee, the plaintiff must establish a constitutional violation. *See Thompson v. Beasley*, 309 F.R.D. 236, 249-50 (N.D. Miss. 2015). In other words, Matthews must sufficiently allege a constitutional violation in order to proceed on his Section 1983 claim against any Defendant. The Court will therefore first analyze whether Matthews has pled a constitutional violation.

In order to properly plead a First Amendment retaliation claim, Matthews must plead that: "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Johnson v. Miller*, 126 F.4th 1020, 1029 (5th Cir. 2020) (quoting *Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015)).

Although the Defendants raise other arguments, much of their Memorandum [20] is based on their contention that Matthews has not adequately alleged causation. For instance, they contend that "[f]oremost, Plaintiff's Complaint does not even allege that there was a causal connection between any protected speech by Plaintiff and his termination. This alone justifies dismissal. Nonetheless, even if Plaintiff had alleged any causal connection whatsoever, Plaintiff's speech on August 30, 2023, was plainly not entitled to any First Amendment protections[.]" [20] at p. 22. For his part, Matthews contends that, by looking at the August 30, 2023 event at the Circuit Clerk's office, the Defendants' focus is too narrow. He takes the position that "the real issue at hand" is his ongoing statements regarding the performance of the Board and his participation in political

6

activities in support of the Defendants' political opponents. [28] at p. 8. He includes in his Memorandum [28] what he refers to as a "small portion" of his relevant political activities:

1. Endorsing and supporting candidate Derrick Chambers against Collins in the 2023 Democratic Primary;

2. Endorsing and supporting candidate Alonzo Evans against Moore in the 2023 Democratic Primary;

3. Endorsing and supporting candidate Wayne Self against Defendant Mitchell in the 2023 Democratic Primary;

4. Endorsing and supporting candidate Debra Tate Hibbler against Defendant Gary in the 2023 Democratic Primary;

5. Attending the 2023 Voter's League meeting and personally addressing Collins, Moore, and Mitchell about their failures to the county and questionable activities of the supervisors;

6. Placing a billboard sign on his private property for all candidates opposing Collins, Moore, Mitchell, and Gary;

7. Plaintiff posted social media posts regarding the conditions of the districts of the Supervisors Collins, Moore, and Mitchell;

8. Plaintiff advised the public that the county wasted in excess of $100,000 purchasing unnecessary equipment for their personal use;

9. Plaintiff [s]poke out verbally regarding the Democratic primaries and the fraudulent acts of the Circuit Clerk and basically assisted Mitchell and Gary [in] stealing the August 8, 2023, primary election.

[28] at p. 3-4.

Although the Court recognizes Matthews' contention that these activities motivated the decision to terminate his employment, the problem is that each of these activities *are not listed in his Complaint* [1]. While he lists these nine activities in his Memorandum [28] (which references

his affidavit attached to his Response [27]), his Complaint [1] lacks the same level of specificity, instead alleging that:

> In the year of Plaintiff's termination, Plaintiff was been [sic] very vocal regarding the performance of Leflore County and its Board of Supervisors. The Plaintiff made several public statements and social media posts regarding the performance of Robert Collins and the repeated flooding of his district, state of county pumps, criminal issues of Board President Reginal Moore, and also possible misuse of county equipment to build a private road that leads to a restaurant owned by Supervisor Eric Mitchell. The Plaintiff also made public statements regarding the mismanagement of the county budget and county funds by the Board and County Administrator and specifically the purchase of ATVs with county funds and the overall decline in the leadership of the county. Plaintiff made these statements because he, like the other taxpaying citizens, wanted some change to occur in the county.

[1] at p. 3.

Later in the Complaint [1], he does make reference to "actively campaign[ing] for the opposing candidates during the spring and summer of 2023" but does not provide any further specifics as to the timeline. [1] at p. 4.

Stated simply, the Complaint [1] lacks sufficient specificity. While aware that Matthews contends that he engaged in numerous protected activities, those allegations must be clearly and specifically set forth in his Complaint [1]—not simply in his Memorandum [28]. *See*, *e.g.*, *Magee v. Bank of New York Mellon Corp.*, 2024 WL 4957594, at *5 n. 3 (S.D. Miss. Jan. 16, 2024) (citing *Cevallos v. Silva*, 541 F. App'x 930, 393-94 (5th Cir. 2013)) ("[C]laims and supporting factual allegations must be raised in a Complaint; it is not enough to present supporting factual allegations in a response to a motion to dismiss."); *see also Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion . . . is not properly before the court."). The specific speech, the specific timeline, and the alleged linkage between the speech and termination are critical for this Court to

8

fully and properly analyze the relevant elements of a First Amendment retaliation claim. *See*, *e.g.*, *Balderas v. Southside Indep. Sch. Dist.*, 2018 WL 912287, at *9 (W.D. Tex. Feb. 14, 2018) (quoting *Mooney v. Lafeyette Cnty. Sch. Dist.*, 538 F. App'x 447, 454 (5th Cir. 2013); citing *Brady v. Houston Indep. Sch. Dist.*, 113 F.3d 1419, 1424 (5th Cir. 1997)).

Without further specificity, the Court is unable to fully and adequately analyze the pertinent issues. Particularly considering that this case involves the invocation of a qualified immunity defense, the Court finds it appropriate to avoid attempting to piece together Matthews' contentions. Instead, the Court will provide him *one* opportunity to amend his Complaint [1] and rectify the identified shortcomings.

Matthews shall have fourteen days from today's date to file an amended complaint. In the amended complaint, he shall clearly and fully state with specificity the alleged protected speech in which he engaged, the pertinent time frame for such speech, and the alleged linkage between the same and his termination. Should Matthews fail to do so, the Court will not hesitate to dismiss the case. In filing an amended complaint, Matthews should bear in mind that the claims against the Leflore County Board of Supervisors and the official capacity claims have already been dismissed.

Additionally, the Court notes a discrepancy between the parties as to whether Matthews asserts a Title VII claim in his Complaint [1]. He shall clarify and state all facts supporting that claim in the amended complaint if he desires to pursue it.

*Conclusion*

For the reasons set forth above, the Joint Motion [19] is GRANTED IN PART. Matthews' claims against the Leflore County Board of Supervisors and against Gary, Collins, Mitchell, and Moore in their respective official capacities are DISMISSED. The Clerk of Court shall modify the docket to reflect the same.

9

As to Matthews' claims against Leflore County and against Gary, Collins, Mitchell, and Moore in their respective individual capacities, Matthews shall have fourteen days from today's date to file an amended complaint that addresses the issues identified herein.

Should Matthews fail to do so, the Court will dismiss the case *without further notice*. If/when an amended complaint is filed, the Defendants may renew their request for dismissal if they desire to do so.[3]

SO ORDERED, this the 19th day of September, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Motion to Strike [36] is DENIED AS MOOT.